Noel C. Crowley (#3712)
CROWLEY & CROWLEY
20 N. Park Place, Suite 206
Morristown, New Jersey 07960
(973) 829-0550
Attorneys for defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____x
ASTA FUNDING, INC.,          : Civil Action No. 2:11-cv-02202-WJM-MF
                             :
          Plaintiff,         :
                             :
          vs.                :
                             :
YOUR WELLBEING, LLC;         :
CHARLES RONALD GREEN         :
JR.; and MELINDA GREEN,      : ANSWER, AFFIRMATIVE DEFENSES
                             : AND COUNTERCLAIM
          Defendants.        :
_____x
```

Defendants YOUR WELLBEING, LLC ("YWB"); CHARLES RONALD

GREEN JR.; and MELINDA GREEN, for their answer to the complaint

filed by plaintiff ASTA FUNDING, INC. ("Asta"), state:

1.    Admit the organizational status and office location of

Asta as alleged in paragraph 1 of the complaint, and deny that

they have knowledge or information as to the truth of the

remaining allegations in said paragraph.

2.    Admit the allegations in paragraph 2 of the complaint.

3.    Admit the allegations in paragraph 3 of the complaint.

4.    Admit the allegations in paragraph 4 of the complaint.

5.    Admit the allegations in paragraph 5 of the complaint.

6.    Answering paragraph 6 of the complaint, admit that Asta and YWB signed a letter dated December 17, 2010, and refer to said letter as the best evidence of the contents thereof.

7.    Answering paragraph 7 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

8.    Answering paragraph 8 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

9.    Answering paragraph 9 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

10.    Answering paragraph 10 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

11.    Answering paragraph 11 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

12.    Answering paragraph 12 of the complaint, refer to the schedule described therein as the best evidence of the contents thereof.

13.    Answering paragraph 13 of the complaint, admit that Asta advanced $146,500 to YWB on or about December 17, 2010, and

deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

14.   Answering paragraph 14 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

15.   Answering paragraph 15 of the complaint, refer to the schedule described therein as the best evidence of the contents thereof.

16.   Answering paragraph 16 of the complaint, admit that Asta advanced $258,000 to YWB on or about December 24, 2010, and deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

17.   Answering paragraph 17 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

18.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20.  Admit the allegations in paragraph 20 of the complaint.

21.  Answering paragraph 21 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

22.  Answering paragraph 22 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

23.  Answering paragraph 23 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

24.  Answering paragraph 24 of the complaint, refer to the letter described therein as the best evidence of the contents thereof, and as to the last sentence in that paragraph, deny that as a legal conclusion it requires an answer.

25.  Deny the allegations in paragraph 25 of the complaint.

26.  Answering paragraph 26 of the complaint, admit that Asta made the demands referred to in said paragraph and except as so admitted, deny the allegations in said paragraph.

27.  Answering paragraph 27 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

28.  Admit the allegations in paragraph 28 of the complaint.

29.  Answering paragraph 29 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

30.  Deny the allegations in paragraph 30 of the complaint.

31.  Answering paragraph 31 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

32.  Deny the allegations in paragraph 32 of the complaint.

33.  Answering paragraph 33 of the complaint, admit that YWB wired $40,408.93 to Asta's bank account, and except as so admitted, deny the allegations in said paragraph.

34.  Answering paragraph 34 of the complaint, deny the first sentence in said paragraph, and refer to the letter described therein as the best evidence of the contents thereof.

35.  Deny the allegations in paragraph 35 of the complaint.

36.  Answering paragraph 36 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

37.  Answering paragraph 37 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

38.  Answering paragraph 38 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

39.  Answering paragraph 39 of the complaint, refer to the e-mail described therein as the best evidence of the contents thereof.

40.  Answering paragraph 40 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

41.  Answering paragraph 41 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

42.  Answering paragraph 42 of the complaint, refer to the letter described therein as the best evidence of the contents thereof.

43.  Deny the allegations in paragraph 43 of the complaint.

44.  Answering paragraph 44 of the complaint, refer to the e-mail described therein as the best evidence of the contents thereof.

45.  Answering paragraph 45 of the complaint, refer to the two e-mails described therein as the best evidence of the contents thereof.

46.  Deny the allegations in paragraph 46 of the complaint.

47.  Deny the allegations in paragraph 47 of the complaint.

**ANSWERING COUNT ONE OF THE COMPLAINT**

48.  Answering paragraph 48 of the complaint, repeat their answers to each of the preceding paragraphs of the complaint.

49.  Deny the allegations in paragraph 49 of the complaint.

50.  Deny the allegations in paragraph 50 of the complaint.

51.  Deny the allegations in paragraph 51 of the complaint.

52.  Deny the allegations in paragraph 52 of the complaint.

**ANSWERING COUNT TWO OF THE COMPLAINT**

53.  Answering paragraph 53 of the complaint, repeat their answers to each of the preceding paragraphs of the complaint.

54.  Admit the allegations in paragraph 54 of the complaint.

55.  Deny the allegations in paragraph 55 of the complaint.

56.  Deny the allegations in paragraph 56 of the complaint.

**ANSWERING COUNT THREE OF THE COMPLAINT**

57.  Answering paragraph 57 of the complaint, repeat their answers to each of the preceding paragraphs of the complaint.

58.  Admit the allegations in paragraph 58 of the complaint.

59.  Deny the allegations in paragraph 59 of the complaint.

60.  Deny the allegations in paragraph 60 of the complaint.

61.   Answering paragraph 61, admit that return of funds has been demanded, and deny the inference that no part of such funds has been repaid.

62.   Deny the allegations in paragraph 62 of the complaint.

## ANSWERING COUNT FOUR OF THE COMPLAINT

63.   Answering paragraph 63 of the complaint, repeat their answers to each of the preceding paragraphs of the complaint.

64.   Deny the allegations in paragraph 64 of the complaint.

65.   Deny the allegations in paragraph 62 of the complaint.

66.   Answering paragraph 66 of the complaint, repeat their answer to paragraph 61 of the complaint.

67.   Deny the allegations in paragraph 67 of the complaint.

WHEREFORE, defendants demand judgment dismissing the complaint, together with the costs and disbursements of this action.

## AS AND FOR THEIR AFFIRMATIVE DEFENSES, DEFENDANTS STATE:

1.   The agreement which Asta seeks to enforce contains no provision for demanding repayment of advances made in accordance with its terms.

2.   Any implied right on the part of Asta to the return of funds must be accorded on fair and reasonable terms, recognizing

that such funds as were not returned were invested in the business and in accordance with Asta's directions.

3.    Any right on the part of Asta to the return of funds is subject to offset on the grounds stated in YWB's counterclaim.

4.    Nothing in the agreement sought to be enforced makes the defendant individuals (Charles Ronal Green, Jr. and Melinda Green) liable for the obligations of defendant YWB.

5.    The agreement sought to be enforced is void for lack of mutuality of obligation.

6.    By making Asta YWB's sole source of funding with no commitment to provide such financing, the agreement at issue is unenforceable as contrary to public policy.

7.    By making Asta YWB's sole source of funding with no commitment to provide such financing, the agreement at issue is unenforceable on grounds of unconscionability.

8.    Plaintiff's action is barred by the Statute of Frauds.

9.    All preconditions to the provision of initial funding that YWB did not satisfy were waived.

10.  Having specified how certain of the funds provided should be expended and having been consulted concerning all such expenditures, Asta is estopped from demanding the return of such funds on terms and at intervals which would damage or destroy YWB's business.

9

**AS AND FOR ITS COUNTERCLAIM AGAINST PLAINTIFF ASTA FUNDING, INC., DEFENDANT YOUR WELLBEING, INC. ALLEGES:**

1.    Your Wellbeing, Inc. ("YWB") is a limited liability company organized and existing under the laws of the State of California having a place of business at 17 Nevada street, Suite A, Redlands, California 92373.

2.    YWB is engaged in the business of providing insurance companies, employers and employees with online access to licensed health care providers for consultation and advice about their medical and preventative care needs.

3.    Although YWB has been in operation since June of 2010, its managers recognized that operations on the scale they intended required funding from outside sources.

4.    Plaintiff and counterclaim defendant Asta Funding, Inc. ("Asta") was one of several companies YWB contacted in this regard.  That contact resulted in the agreement referred to in paragraph 6 of the complaint.

5.    The agreement by its terms sets forth the parties' "current mutual intentions regarding a proposed business arrangement," with the proviso that "the precise structure of the transaction will be determined through further business discussions."  No subsequent or final written agreement was ever prepared.

10

6.   The agreement expressed Asta's intention to advance funding in the amount of $146,500 by December 17, 2010 and $258,000 by December 24, 2010, making a total of $404,500.  Asta also represented as part of that agreement that starting on or about January 1, 2011, it intended on stated conditions to advance additional funds in amounts that would increase its total investment to $2.3 million.

7.   As part of that agreement and in consideration for all of the contemplated advances, the parties contemplated that Asta would receive a 49% interest in YWB and 75% of its profits, subject to a right granted to YWB's then-current members to repurchase a right to receive 25% of said profits.

8.   As part of said agreement, YWB and its members agreed not to seek funding from sources other than Asta.

9.   The agreement specified that it was to "be binding on YWB, but not on Asta," and that "Asta shall not be under any obligation to close the Transaction."

10.  Asta made the two advances of funds to YWB totaling $404,500, which provided only a comparatively small amount of the funding needed to realize the potential of YWB's business.

11.  The effect of the agreement was to render YWB wholly dependent on Asta for funding, while purporting to reserve to Asta an unqualified right to disavow any obligation to provide or continue to provide financing in any amount.

12.   Asta immediately followed the limited funding that it provided by issuing a series of demands as to how YWB should spend the funds, the frequency and detail in which YWB should report its activities, and what individual people it should employ.

13.   Specifically, Asta demanded that YWB lease office space in addition to its existing office space at an additional cost of $2,500 per month.  YWB retained that space for four months, resulting in a wasted expense of $10,000.

14.   Asta also demanded that YWB employ three individuals named by Asta and pay them salaries amounting collectively to approximately $600,000 per year, or $50,000 per month.

15.   Asta also demanded that YWB make daily reports of its activities that significantly interfered with YWB's ability to conduct its business.

16.   Asta also demanded that YWB provide office space for one or more Asta representatives whose job was to oversee operations and report to Asta.

17.   Asta forced YWB against its wishes to employ a national sales manager at a cost of $10,000 per month whom YWB was compelled to retain for four months at a cost of $40,000.

18.   YWB complied with all of those oppressive conditions and endured their detriment to its business except for the

requirement that it hire three named individuals and pay them what Asta demanded.

19.  YWB interviewed all the named individuals, none of whom had prior experience in the health care industry or were otherwise qualified for the positions in which Asta wanted them to serve.  For those reasons and because YWB considered their salaries to be unaffordable, it refused to hire them.

20.  It was in response to that refusal that Asta disavowed any obligation to provide further funding and demanded that YWB return such funding as had theretofore been provided.

21.  In demanding the return of funding, Asta well knew that the funding it had provided had been devoted to expenditures it induced YWB to make, spent for the purposes for which it had been provided, and that YWB lacked the ability to refund more than the portion of its investment that remained on hand, amounting to $40,408.93, which YWB duly refunded.

22.  As a result of the harm done by Asta's actions to YWB's credit standing and attractiveness as a prospect for investment, YWB has been prevented from realizing its business potential and has sustained and continues to sustain business losses, the amount of which has yet to be determined.

23.  The arrangement under which Asta made the advances referred to herein has been revealed by Asta's above-described actions and behavior to have been a preconceived scheme and plan

for taking control of YWB's business and installing its own personnel in a position to assume management of the business.

24.  In all of the aforesaid dealings with YWB following the delivery of the of the initial financing provided for in the agreement, Asta in each of the following respects acted in bad faith and in breach of the implied covenant of good faith and fair dealing, and in furtherance of a preconceived plan to take over the business for itself:

(a)  Asta induced YWB to make various expenditures, failed to provide the full amount of funding contemplated by the agreement, and demanded the return of its initial funding without just cause or excuse.

(b)  Asta likewise breached the implied covenant of good faith and fair dealing by imposing terms and conditions nowhere provided for in the agreement.

(c)  By binding YWB to an exclusive dealing commitment and at the same time disavowing any mutuality of obligation for itself, Asta positioned itself to unfairly and unconscionably exploit YWB's financial dependency by compelling it to submit to

14

unreasonable demands and make wasteful and

ill-advised expenditures against its will.

(d)   Asta exploited the same dependency to dictate

how and by whom the business was to be run,

and imposed onerous and unnecessary reporting

requirements which wrongfully interfered with

the operation of the business.

WHEREFORE, YWB demands judgment

(a)   Awarding it damages for being compelled by

Asta to make unnecessary and wasteful

expenditures for additional office expense

amounting to $10,000 and the employment of a

national sales manager at a cost of $40,000,

amounting in all to $50,000,

(b)   Awarding it such damages for such losses as it

can be shown to have sustained by the injury

done by Asta to YWB's prospects for obtaining

funding from other sources and the impairment

of its business potential, and

(c)   Directing that any balance found to be owing

to Asta by reason of its aforesaid advances

after crediting YWB with all sums awarded on

its counterclaim be made payable on such

equitable terms and in such periodic amounts

as to this Court may seem just and proper.

**CROWLEY & CROWLEY**


By:_____
    Noel C. Crowley
Attorneys for defendants

Dated:  May 26, 2009