IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTA FUNDING, INC., <br><br>        Plaintiff, <br><br>v. <br><br>YOUR WELLBEING, LLC; CHARLES RONALD GREEN JR.; AND MELINDA GREEN, <br><br>        Defendants. | No. 2:11-CV-02202-WJM-MF <br><br> **AMENDED COMPLAINT** |
| YOUR WELLBEING, LLC, <br><br>        Counterclaim Plaintiff, <br><br>v. <br><br>ASTA FUNDING, INC. <br><br>        Counterclaim Defendant. | |

Plaintiff Asta Funding, Inc. ("Plaintiff" or "Asta") by way of Amended Complaint against Defendants, Your WellBeing, LLC, Charles Ronald Green Jr., and Melinda Green, hereby alleges and states as follows:

**FACTS COMMON TO ALL COUNTS**

    **A.**    **The Parties**

    1.    Plaintiff Asta Funding, Inc. is a corporation incorporated in the State of Delaware, with an office located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Asta engages in the business of acquiring, managing, servicing and recovering portfolios of consumer account receivables and, at times, makes financial investments in other companies.

2. Upon information and belief, Defendant Your WellBeing, LLC ("YWB") is a limited liability company of the State of California, with its principal place of business at 12 Nevada Street, Suite A, Redlands, California.

3. Upon information and belief, Defendant Charles Ronald Green Jr. ("Ron Green") is a California resident. Ron Green is co-managing member of YWB.

4. Upon information and belief, Defendant Melinda Green ("Melinda Green") is a California resident. Melinda Green is co-managing member of YWB.

**JURISDICTION**

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. The Court has original subject matter jurisdiction under 28 U.S.C. § 1332.

**B.  The Letter of Intent**

6. Upon information and belief, YWB was organized to operate a system that would enable businesses to provide various medical services to their employees through a wellness program. The wellness program allowed employees to access medical professionals through the internet to assist with smoking cessation, weight management, stress management, diabetes prevention, heart disease prevention, physical fitness, nutrition and healthy lifestyle support.

7. On or about December 17, 2010, Asta and YWB executed a letter setting forth their mutual intentions regarding a proposed business arrangement (the "Letter of Intent").

8. The Letter of Intent stated that the parties anticipated that the terms of the proposed business arrangement would be set forth in definitive documentation.

9. The Letter of Intent further stated that the goal of the proposed business arrangement was for Asta to advance a certain amount of funds to YWB in exchange for a specified percentage share of YWB and a specified percentage of profits of YWB.

10. Defendants represented in the Letter of Intent that YWB was an ongoing concern and that all financial information provided by YWB to Asta was accurate and that all financial projections made by YWB were made in good faith and based on adequate information.

11. Defendants further represented that Asta would have executed contracts with the following entities by December 17, 2010:

    a. PMI;

    b. Eyberson;

    c. JHC;

    d. Medquest;

    e. NPS;

    f. Staff Pro;

    g. Holman Group; and

    h. Knoxville Airport Authority.

12. Defendants also represented to Asta that YWB would have executed contracts with the following entities by December 24, 2010:

    a. City of Miami;

    b. Blount Hospital;

    c. Palomar Hospital;

    d. IM Flash;

    e. Logan Hospital;

    f. Anheuser Bush; and

      g.    Ruby Tuesday.

13. Prior to December 17, 2010, Defendants did not disclose to Asta that Gary Miller was a member of YWB.

14. Prior to December 17, 2010, Defendants did not disclose to Asta that Sherri Miller was a member of YWB.

15. The Letter of Intent stated that Asta was not under any obligation to close the transaction and that Asta's continued consideration of the transaction was expressly conditioned upon Asta's completion of legal due diligence and satisfaction with the definitive documents.

16. Asta executed the Letter of Intent in direct reliance on Defendants' representations.

    **C.**    **Asta Advances Funds to YWB**

17. The Letter of Intent stated that, on or before December 17, 2010, Asta intended to advance $146,500 to YWB in accordance with a schedule to be agreed upon by the parties for the purpose of funding certain agreements between YWB and certain clients, indicated on another schedule to be provided by YWB to Asta.

18. Defendants provided the schedule to Asta which stated that YWB had executed agreements with the following clients on or before December 17, 2010:

      a.    PMI;

      b.    Eyberson;

      c.    JHC;

      d.    Medquest;

      e.    NPS;

      f.    Staff Pro;

        g.        Holman Group; and

        h.        Knoxville Airport Authority.

19.      On or about December 17, 2010, Asta advanced to YWB $146,500 in direct reliance on Defendants' representations, including those set forth in the Letter of Intent and the schedule that Defendants provided.

20.      The Letter of Intent stated that, on or before December 24, 2010, Asta intended to advance $258,000 to YWB in accordance with a schedule to be agreed upon by the parties, for the purpose of funding certain agreements between YWB and certain clients, as indicated on a second schedule to be provided by YWB to Asta.

21.      Defendants provided the second schedule to Asta which stated that YWB had executed agreements with the following clients on or before December 24, 2010:

        a.        City of Miami;

        b.        Blount Hospital;

        c.        Palomar Hospital;

        d.        IM Flash;

        e.        Logan Hospital;

        f.        Anheuser Bush; and

        g.        Ruby Tuesday.

22.      On or about December 24, 2010, Asta advanced to YWB $258,000 in direct reliance on Defendants' representations, including those set forth in the Letter of Intent and the second schedule that Defendants provided.

23.      The Letter of Intent stated that Asta intended to advance additional funds to YWB but that such additional advances were expressly conditioned upon (i) Asta's completion of legal due diligence to its satisfaction; (ii) YWB's maintenance of a minimum

capital level generated from revenues to be determined by Asta in its reasonable discretion; and (iii) YWB providing Asta with a monthly budget of projected revenues and expenses and weekly performance reports versus budget, which were to be reviewed and approved by Asta.

    D.    **Asta Terminates the Transaction and Demands that YWB Return the Funds**

24. Pursuant to the Letter of Intent, Asta continued to conduct due diligence with respect to YWB after its initial advances of funds to YWB.

25. Asta was not satisfied with the results of its due diligence with respect to YWB.

26. Asta learned through its due diligence that YWB had not executed any of the contracts that Defendants represented would be executed by December 17, 2010 and December 24, 2010.

27. Asta also learned through its due diligence for the first time that Gary Miller and Sherri Miller were members of YWB.

28. Asta further learned through its due diligence that Defendants' prior representations about YWB's debt was inaccurate.

29. Accordingly, on or about February 7, 2011, Robert J. Michel, Chief Financial Officer of Asta, sent a letter (the "Termination Letter") to Defendants Ron Green and Melinda Green via electronic mail and overnight mail notifying YWB that Asta did not wish to proceed with the transaction.

30. The Termination Letter stated that the due diligence conducted by Asta with respect to YWB was not satisfactory and that Asta believed that YWB was not in compliance with its obligations under the Letter of Intent.

31.     The Termination Letter further stated that Ron Green and Melinda Green had failed to disclose that there were other equity owners in YWB and that Ron Green and Melinda Green misrepresented on several occasions the debt owed to such other equity owners by YWB and/or Ron Green and Melinda Green.

32.     In the Termination Letter, Asta demanded that YWB return all of the funds advanced by Asta to YWB pursuant to the Letter of Intent. The Termination Letter stated that, as of the date of the Termination Letter, such funds totaled $404,000 (the "Amount Due").

33.     The Termination Letter stated that, to Asta's knowledge, the monies in YWB's bank account as of January 31, 2011 totaled $254,994. These monies belonged to Asta.

34.     Upon information and belief, YWB had deposited only $5,000 of its own funds into its bank account. The remaining amount in YWB's bank account consisted of the monies advanced by Asta.

35.     Asta demanded that YWB return to Asta, on the date that the Termination Letter was sent, the sum of $254,994. Asta further demanded that the remaining $149,006 due Asta from YWB be paid thirty days from the date of YWB's receipt of the Termination Letter.

36.     Asta advised YWB in the Termination Letter that the Amount Due would accrue interest in accordance with applicable law, and that Asta would seek reimbursement of its legal fees and costs in connection with the matter.

37.     Because Asta terminated the transaction, no definitive documentation was ever executed.

**E.    YWB Refuses to Refund the Total Amount Due or to Provide an Accurate Accounting**

38.     In a letter from Ron Green to Robert Michel dated February 9, 2011 (the "Acknowledgment Letter"), which was sent by e-mail and overnight mail, YWB accepted Asta's

notice of termination and promised to return all "uncommitted funds not later than Monday [February 14], close of business." YWB also acknowledged that it had been advised by legal counsel to return all used and committed funds.

39. Despite this acknowledgment and despite repeated demands from Asta, however, YWB has refused to refund the total Amount Due.

40. On February 14, 2011, Ron Green sent an e-mail to Robert Michel in which he reiterated that YWB "will be sending you funds" and stated that YWB was "anticipating getting all the funds back to you quickly."

41. Despite this promise, however, YWB has refused to refund the total Amount Due.

42. On or about February 17, 2011, YWB wired $40,408.93 to Asta's bank account. YWB has not returned any of the remaining Amount Due.

43. YWB also has refused to provide a full accounting to Asta. In an e-mail from Robert Michel to Ron Green on February 14, 2011, Asta requested a "detailed accounting."

44. In response to this demand by Asta for an accounting of the remaining Amount Due on February 17, 2011, Melinda Green sent a document that purported to contain an accounting of the remaining Amount Due, with a cover e-mail to Robert Michel stating that "[t]he remaining unspent funds in the amount of $40,408.93 was wired at 1:41 am Thursday Feb 17th." The document sent by YWB, however, failed to provide an accounting of the remaining Amount Due.

45. In response to Melinda Green's email of February 17, Robert Michel sent a letter to Ron Green and Melinda Green dated February 18, 2011 (the "Accounting Demand Letter") in which Asta demanded "to see all the contracts and commitments that [YWB] had as

of February 7, 2011 and the details of all the spending you have outlined.  (Invoices, canceled checks, etc.)."

46. The Accounting Demand Letter further stated that YWB:

> should have canceled any contracts [it] had in place as of [February 7, 2011].  The $404,000 that was sent to [YWB] by Asta was for funds needed for contracts and kick off meetings and other firm commitments.  Other than a couple of small contracts that did not need kick off meetings or any other financing, meetings were not scheduled.  Therefore, very little, if any, of the $404,000 should have been spent or committed.

47. The Accounting Demand Letter further demanded that YWB wire to Asta the sum of $213,591.07 to equal the amount in YWB's bank account as of January 31, 2011.  The Accounting Demand Letter further demanded that YWB wire to Asta the remaining $150,000 of the Amount Due within thirty days of the Accounting Demand Letter.

48. In response to the Accounting Demand Letter, Ron Green sent an e-mail to Robert Michel on February 21, 2011 contending that "[t]he accounting is accurate."  This e-mail also reiterated that it was YWB's "intent to work with you and pay you as quickly as we can."

49. In a letter from Robert Michel to Ron Green and Melinda Green dated February 22, 2011 (the "Second Accounting Demand Letter"), Asta explained that the accounting provided by YWB was "insufficient to justify the spending of over $364,000 through February 17th."  This letter further stated that "[o]f particular concern is that $209,000 (57% of total expenditures) was spent *after* you received notice of termination of the transaction."

50. The Second Accounting Demand Letter requested that YWB provide Asta with "full access to the daily activity in the YWB checking account . . . from inception of the account."

51. The Second Accounting Demand Letter further requested that YWB provide copies of all checks written since the date that Asta advanced funds to YWB, as well as copies of invoices for all expenditures and payroll records. The Second Accounting Demand Letter also requested copies of any signed contracts through the date of the Second Accounting Demand Letter.

52. At no time did YWB comply with Asta's request for a complete accounting or deliver to Asta any of the documentation requested by Asta in the Accounting Demand letter or the Second Accounting Demand Letter.

53. On March 7. 2011, Ron Green sent an e-mail to Robert Michel stating that "[i]t looks like we will be having [funding] finalized by Friday. So, we will know by then your payoff dates."

54. Robert Michel sent an e-mail to Ron Green on March 8 asking YWB to clarify whether it was YWB's "intention to pay off the balance you owe us shortly." On March 8, 2011, Ron Green sent an e-mail to Robert Michel responding "It is."

55. Despite the acknowledgment by YWB that it is obligated to refund to Asta the remaining Amount Due, and despite YWB's assurance that it would refund to Asta the remaining Amount Due, it has failed to remit any amount to Asta since wiring $40,408.93 on or about February 17, 2011.

56. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm and damages.

## COUNT ONE

## BREACH OF CONTRACT

57. Plaintiff repeats and realleges each of the preceding paragraphs as if set forth at length herein.

58. Asta and YWB had a contractual arrangement pursuant to the Letter of Intent that required Asta to advance specified amounts of funds to YWB for the express purpose of funding certain agreements between YWB and certain clients, in accordance with a schedule provided by YWB.

59. Asta fully performed under the Letter of Intent by advancing the funds.

60. YWB breached this contract by accepting the funds advanced by Asta despite failing to have executed the contracts with clients in accordance with the schedule that YWB provided to Asta

61. YWB further breached this contract by failing to provide accurate financial information to Asta and by failing to provide an accounting to Asta.

WHEREFORE, Plaintiff demands judgment against Defendants Your WellBeing, LLC, Ron Green and Melinda Green, as follows:

    a. An accounting of the funds expended by YWB;

    b. A constructive trust on all sums Defendants have received from Plaintiff;

    c. Compensatory damages;

    d. Pre- and post-judgment interest;

    e. Punitive damages;

    f. Attorneys fees and costs;

    g. Such other further and additional relief as the Court may determine to be appropriate.

## COUNT TWO

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

62. Plaintiff repeats and realleges each of the preceding paragraphs as if set forth at length herein.

63. There is implied in every contract in the State of New Jersey a duty of good faith and fair dealing.

64. Defendants breached the implied covenant of good faith and fair dealing by engaging in the actions described above.

65. As a direct and proximate result of such breach, Plaintiff has suffered harm.

WHEREFORE Plaintiff demands judgment against Defendants Your WellBeing, LLC, Ron Green and Melinda Green, as follows:

    a. An accounting of the funds expended by YWB;

    b. A constructive trust on all sums Defendants have received from Plaintiff;

    c. Compensatory damages;

    d. Pre- and post-judgment interest;

    e. Punitive damages;

    f. Attorneys fees and costs;

    g. Such other further and additional relief as the Court may determine to be appropriate.

## COUNT THREE

## UNJUST ENRICHMENT

66. Plaintiff repeats and realleges each of the preceding paragraphs as if set forth at length herein.

67. Defendants received the benefit of the funds advanced by Plaintiff.

68. Defendants received this benefit without complying with their contractual obligations toward Asta.

69. Defendants have been unjustly enriched by receiving funds advanced by Plaintiff without providing any benefit to Plaintiff.

70. Repayment of the funds advanced has been demanded and has not been made.

71. As a direct and proximate result of such actions by Defendants, Plaintiff has been harmed.

WHEREFORE, Plaintiff demands judgment against Defendants YourWellBeing, LLC, Ron Green and Melinda Green, as follows:

    a. An accounting of the funds expended by YWB;

    b. A constructive trust on all sums Defendant have received from Plaintiff;

    c. Compensatory damages;

    d. Pre- and post-judgment interest;

    e. Punitive damages;

    f. Attorneys fees and costs;

    g. Such other further and additional relief as the Court may determine to be appropriate.

## COUNT FOUR

## CONVERSION

72. Plaintiff repeats and alleges each of the preceding paragraphs as if set forth at length herein.

73. Defendants have wrongfully exercised such dominion and control over monies belonging to Plaintiff as are inconsistent with Plaintiff's rights.

74. The monies at issue consist of a clearly identifiable sum, which sum has been identified by Plaintiff and is known to Defendants.

75. Plaintiff has made numerous demands for the return of the monies, and Defendants have refused to return the monies.

76. As a direct and proximate result of such actions by Defendants, Plaintiff has been harmed.

WHEREFORE, Plaintiff demands judgment against Defendants Your WellBeing, LLC, Ron Green and Melinda Green, as follows;

    a. An accounting of the funds expended by YWB;

    b. A constructive trust on all sums Defendants have received from Plaintiff;

    c. Compensatory damages,

    d. Pre- and post-judgment interest;

    e. Punitive damages;

    f. Attorneys fees and costs;

    g. Such other further and additional relief as the Court may determine to be appropriate.

## COUNT FIVE

## FRAUD

77. Plaintiff repeats and alleges each of the preceding paragraphs as if set forth at length herein.

78. In connection with the negotiation and execution of the Letter of Intent, Defendants represented to Asta that all financial information provided by YWB to Asta was

accurate and that all financial projections made by YWB were made in good faith and based on adequate information.

79. The Defendants made additional representations set forth above in Paragraphs 10-12, 18, and 21.

80. The Defendants also made representations about YWB, but failed to disclose that Gary Miller and Sherri Miller were members of YWB.

81. The Defendants intended for Asta to rely on these representations and omissions, and that the representations and omissions would induce Asta to provide funds to finance Defendants' business.

82. At the time the Defendants made these representations and omissions, they knew or should have known that they were false and misleading.

83. The Defendants' representations regarding their financial condition, financial projections, and existence of executed agreements with specific clients were a material inducement for the Plaintiff to enter into a Letter of Intent and advance funds to Defendants.

84. The Plaintiff reasonably relied, to its detriment, upon Defendants' misrepresentations and omissions by entering into the Letter of Intent and by advancing significant sums of money to Defendants.

85. As a result of the Defendants' misrepresentations and omissions, the Plaintiff has suffered and continues to suffer damages.

WHEREFORE, the Plaintiff respectfully request that the Court enter judgment in its favor and against the Defendants for the following relief:

    a. An accounting for the funds expended by YWB;

  b.  A constructive trust on all sums Defendants have received from Plaintiff;

  c.  Compensatory damages;

  d.  Pre-and post-judgment interest;

  e.  Punitive damages;

  f.  Attorneys fees and costs;

  g.  Such other further and additional relief as the Court may determine to be appropriate.

    /s/ Eric J. Goldberg  
    Eric J. Goldberg  
    PEPPER HAMILTON LLP  
    (A Pennsylvania LLP)  
    Suite 400  
    301 Carnegie Center  
    Princeton, NJ 08543-5276  
    Ph: (609) 452-0808  
    Fax: (609) 452-1147

    *Attorneys for Plaintiff*  
    *Asta Funding, Inc.*

Dated: August 8, 2011

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other action or proceeding in any court or of a pending arbitration proceeding. Asta Funding, Inc. does not anticipate commencing a related arbitration proceeding. I do not currently know of any other parties who should be joined in this action.

   /s/ Eric J. Goldberg
Eric J. Goldberg
PEPPER HAMILTON LLP
(A Pennsylvania LLP)
Suite 400
301 Carnegie Center
Princeton, NJ  08543-5276
Ph:     (609) 452-0808
Fax:    (609) 452-1147

*Attorneys for Plaintiff*
*Asta Funding, Inc.*

Dated:  August 8, 2011

## CERTIFICATE OF SERVICE

I, Eric J. Goldberg, hereby certify that on August 8, 2011, Asta Funding, Inc's Amended Complaint was electronically filed through the Court's ECF system and served upon the following by First Class Mail:

>Noel C. Crowley, Esq.
>Crowley & Crowley
>20 N. Park Place, Suite 206
>Morristown, New Jersey 07960.
>
>*Counsel for Defendants*

>　　/s/ Eric J. Goldberg
>Eric J. Goldberg