**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTA FUNDING, INC., <br><br> Plaintiff, <br><br> v. <br><br> YOUR WELLBEING, LLC; CHARLES RONALD GREEN JR.; and MELINDA GREEN <br><br> Defendants. | Hon. Claire C. Cecchi <br> Civil Action No.: 11-cv-2202 (CCC-JAD) <br><br><br> **OPINION** |
| YOUR WELLBEING, LLC, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ASTA FUNDING, INC., <br><br> Counterclaim Defendant. | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon motion by Asta Funding, Inc. ("Asta Funding" or "Plaintiff") to strike Ronald Green, Melina Green, and Your Wellbeing, LLC's ("Your Wellbeing") (collectively, "Defendants") Answer with prejudice, and to dismiss Your Wellbeing's Counterclaim with prejudice. ECF 25. Also before the Court is Asta Funding's application for sanctions, in the form of attorneys' fees, against Defendants Ronald Green and Melinda Green pursuant to Federal Rule of Civil Procedure 37. ECF 29. Pursuant to Federal

1

Rule of Civil Procedure 78, there was no oral argument. Upon consideration of the parties' submissions, and for the reasons set forth below, Plaintiff's motion to strike Defendants' Answer and to dismiss Your Wellbeing's Counterclaim is **denied**, and Plaintiff's application for attorneys' fees is **denied**.

I.     <u>MOTION TO STRIKE THE ANSWER AND TO DISMISS THE COUNTERCLAIM</u>

The Court will only recite the facts relevant to the current motion. Asta filed this suit in March 2011, and served interrogatories and document requests on August 1, 2011; responses were due September 1, 2011. After the deadline passed, Asta inquired as to the status and Defendants' asserted their responses would be forthcoming, but none were received. At a status conference on October 5, 2011, Asta alerted the Court to the discovery deficiencies and asked that Defendants be compelled to respond. On October 11, 2011, the Honorable Mark Falk, U.S.M.J., the Magistrate Judge then assigned to the case,[1] entered an Order on Oral Motion (the "October 11th Order"). The October 11th Order stated as follows:

> 1. ORDERED that Defendants must fully respond to Asta's First Set of Interrogatories and First Set of Document Requests and produce the requested documents on or before October 26, 2011; and
> 2. ORDERED that if Defendants fail to fully comply with paragraph no. 1 of this Order, Defendants' answer to the Amended Complaint will be stricken with prejudice and Defendant Your WellBeing, LLC's counterclaim will be dismissed with prejudice.

Oct. 11, 2011 Order, ECF 23.

On October 26, 2011, Defendants served their responses. However, Defendants failed to answer seven of the seventeen Interrogatories, namely Interrogatories 11-17. Those seven Interrogatories inquired into the factual bases for Defendants' Counterclaim; specifically,

---

[1] The case was reassigned from the Honorable William J. Martini, U.S.D.J. and the Honorable Mark Falk, U.S.M.J. to the Honorable Claire C. Cecchi, U.S.D.J. and the undersigned on October 17, 2011.

2

Interrogatories 11-17 asked Defendants to "[i]dentify all facts that support your allegations" in the Counterclaim.[2]  Declaration of Eric J. Goldberg, Ex. E, ECF 25-2.

In response to each of those Interrogatories, Defendants objected that the Interrogatories are "overbroad" and "unduly burdensome," and, citing cases from outside this District, argued the Interrogatories were improper contention interrogatories.[3]  Defendants further stated that "the allegations referred to in the [Counterclaim] are factual in nature and sufficiently state the bases for the claims in question." Id.

On December 7, 2011, Asta filed the instant motion to strike Defendants' Answer and Dismiss Your Wellbeing's Counterclaim.  Asta argues that Defendants' Answer should be stricken and Your Wellbeing's Counterclaim dismissed because by lodging objections Defendants failed to "fully respond" to the Interrogatories and therefore failed to comply with the October 11th Order.  Asta further argues that Defendants' objections are improper not only because contention interrogatories are allowed in this District, but also because the objections should have been made when responses were initially due and are therefore untimely.

In response, Defendants argue that they did, in fact, fully respond to the Interrogatories, and nothing in the October 11th Order foreclosed Defendants from responding with "well-founded and meritorious objections." Declaration of Noel C. Crowley, ¶ 2, ECF 30.  Defendants objected to Interrogatories #11-17 on the grounds that they were overbroad and unduly burdensome; according to Defendants, because the Interrogatories ask for "all facts" in support of their allegations, Defendants

---

[2] Interrogatory 11 asks about Paragraph 11 in the Counterclaim; Interrogatory 12 asks about Paragraph 12, Interrogatory 13 asks about Paragraph 13; Interrogatory 14 asks about Paragraph 14; Interrogatory 15 asks about Paragraph 15; Interrogatory 16 asks about Paragraph 16; and Interrogatory 17 asks about Paragraphs 17-20.

[3] The Court notes that Defendants did not specifically use the term "contention interrogatories" in their objection. However, nearly every case cited by Defendants in support of their objection uses the term.

> would be forced to search their records, their memories and the memories of other relevant participants without any guidance as to what the questioner might have in mind, and without any prompting to help them recall particular events. To omit any such 'fact' would put the answering party in peril of being foreclosed from using any such 'fact' that the answering party might have failed to recall.

Def. Br. at 4, ECF 32. Finally, Defendants argue that between the time Asta received the responses on October 26, 2011 and when Asta filed the instant motion on December 7, 2011, Asta never expressed to Defendants it was dissatisfied with their responses nor did Asta attempt to engage in the meet and confer process.

Before turning to the merits of Asta's motion, the Court first wants to address the "meet and confer" issue. As stated above, Defendants assert that Asta never engaged in the meet and confer process prior to filing the instant motion. *See* Declaration of Noel C. Crowley, ¶ 8, ECF 30 ("At no time has plaintiff acted in accordance with Fed. R. Civ. P. 37(a)(1) by seeking to confer with defendants' attorneys in an effort to obtain disclosure or discovery without court action."). Asta does not refute this point. Rather, Asta argues that it fulfilled its obligations and engaged in the meet and confer process prior to its oral motion at the October 5th conference, from which the October 11th Order stems, but that it was not required to meet and confer prior to filing the instant motion because it is a motion to enforce a court order and not a discovery motion. The Court disagrees. The October 11th Order that Asta seeks to enforce is a *discovery order*. Federal Rule of Civil Procedure 37, along with Local Civil Rules 16.1(f) and 37.1, require the parties to meet and confer with regard to any discovery or case management issue prior to involving the Court. Simply put, Asta had an ongoing obligation to engage in the meet and confer process regarding the sufficiency of Defendants' responses prior to filing the instant motion.

In evaluating Asta's motion, the Court is guided by the factors enunciated by the Third Circuit in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984).[4] The *Poulis* factors are

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868.

The Court does not find the *Poulis* factors weigh in favor of striking the Answer or dismissing the Counterclaim. At the outset, the Court notes that there has been no suggestion that the Defendants are personally responsible for the delay in responding to the Interrogatories; any prejudice suffered by Asta is minimal; the delay here was brief, and the Court does not find there to be a history of dilatoriness; the Court finds that Defendants' objections were made in good faith and therefore does not find the conduct was willful or undertaken in bad faith; there is an appropriate alternative remedy; and Defendants' have a meritorious defense and counterclaim.

With regard to the portion of Asta's motion aiming to strike Defendants' Answer, as stated above, Asta moves on the grounds that Defendants failed to fully respond to Asta's discovery requests and therefore failed to comply with the October 11th Order. However, there is no dispute that Defendants answered all Interrogatories pertaining to Asta's underlying claim (i.e. Interrogatories #1-10). It would be inequitable for this Court to strike the Answer for failure

---

[4] The Court notes that Asta did not rely on *Poulis* (or any of its progeny) in its motion. Rather, Asta seemingly relies solely on the sentence within the October 11th Order stating that if Defendants fail to fully respond to Asta's discovery requests, "Defendants' answer to the Amended Complaint will be stricken with prejudice and Defendant Your WellBeing, LLC's counterclaim will be dismissed with prejudice." While the October 11th Order clearly contemplated striking the Answer and dismissing the Counterclaim outright, the Court finds that a *Poulis* analysis is appropriate where, as here, Defendants did in fact respond, and it is merely a question of whether the response was sufficient.

to fully respond when Defendants did so respond. Moreover, the Court is mindful that the sanction of striking an Answer is reserved for extreme cases. *See Days Inn Worldwide, Inc. v. Al Noor Corp.*, No. 10-479, 2012 WL 715252 (Mar. 5, 2012). Accordingly, Asta's motion to strike the Answer is denied.

The Court will now turn to the portion of Asta's motion seeking dismissal of Defendants' Counterclaim. While the Court cautions Defendants that they must comply with all applicable deadlines, the Court does not find that the initial delay, in which the Interrogatory responses were overdue by less than two (2) months, was so egregious as to warrant a sanction as extreme as dismissal; the Court cannot find there is a history, or pattern, of dilatoriness, particularly when the case was in its relative infancy at the time the instant motion was filed. Moreover, as discussed above, the Court agrees with Defendants that Asta should have expressed its dissatisfaction with the responses and engaged in the meet and confer process prior to filing the instant motion.[5] Finally, as discussed more fully below, there is an appropriate alternative remedy, namely overruling Defendants' objections and requiring them to respond to Interrogatories #11-17. Accordingly, Asta's motion to strike Defendants' Counterclaim is denied.

To the extent that Defendants argue that Interrogatories #11-17[6] are overbroad and unduly burdensome, and that they are unnecessary because the Counterclaim is sufficiently detailed, this Court disagrees. Interrogatories #11-17 inquire into the factual basis for the allegations forming the foundation for Defendants' Counterclaim. Asta is entitled to this

---

[5] The Court notes that any prejudice Asta suffered as a result of the costs and delays incurred in connection with this motion, that prejudice may have been mitigated, or perhaps avoided, had Asta engaged in the meet and confer process.

[6] The parties disagree, and the record is unclear, as to whether the Interrogatories were provided to Judge Falk for review prior to his issuance of the October 11th Order. Since this Court was provided with a copy of the Interrogatories, as well as Defendants' responses, whether Judge Falk was likewise provided with a copy is of no moment.

information, and Interrogatories seeking the underlying factual basis of a party's claims are allowed. *See Conopco, Inc. v. Warner-Lamber Co.*, No. 99-10, 2000 WL 342872, at *4 (D.N.J. Jan. 26, 2000). Defendants must either respond to the Interrogatories by providing the information requested, or if they do not possess the knowledge required to answer the Interrogatories, they must provide a certification to that effect. Finally, to the extent Defendants's objections are rooted in fear of being precluded from asserting facts that they later learn through discovery but neglect to initially include in their responses, the Court reminds Defendants that they have a continuing duty to supplement their Interrogatory responses. Accordingly, Defendants are directed to answer Interrogatories #11-17 within two (2) weeks of the date of this Order.

## II.   APPLICATION FOR ATTORNEYS' FEES

This Court conducted a settlement conference on December 9, 2011. The settlement conference was scheduled via an Order entered on October 5, 2011, which provided in relevant part, "[p]arties with full settlement authority are required to attend the conference. Failure to attend may result in the imposition of sanctions. See Fed. R. Civ. P. 16(f), 37." Order, Oct. 5, 2011, ECF 22.

Defendants failed to personally appear for the settlement conference in violation of Court Order. Asta filed an application for attorneys' fees pursuant to Federal Rule of Civil Procedure 37, which provides, in relevant part, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In its application, Asta asserts that, because Defendants' failed to personally appear, the "time spent preparing for and attending the

7

conference proved to be a waste of time," and there were no meaningful settlement discussions. App. for Sanctions, ECF 29. Asta argues an award of attorneys' fees is appropriate under Rule 37 as Defendants' failure to appear was unjustified. Asta is seeking $3,214.20[7] from Defendants in connection with the attorneys' fees and costs it incurred as a result of the conference.

In response, Defendants' counsel, Mr. Crowley, states that he "regrettably failed to inform the [C]ourt in advance of the conference that by reason of adverse financial circumstances brought about by the breakdown in dealings between the parties," Defendants did not have the means to travel from California to New Jersey for the conference. Def. Ltr., ECF 34. Mr. Crowley asserts that he directed his clients to be available by phone and that he was in touch with them throughout the settlement conference. Defendants argue that, while ultimately unsuccessful, the settlement conference was not a waste and that there is nothing to suggest the outcome would have been different had Defendants appeared in person.

At the outset, the Court must admonish Mr. Crowley for unilaterally excusing his clients from appearing without leave of the Court. The Court warns Defendants that any request to be excused from personally appearing must be made in writing prior to any scheduled conference, and that is only the Court, and not their counsel, who may excuse them from personally appearing.

Although Defendants' failed to follow proper procedure, had they made the request to be personally excused from attending due to their financial inability to travel, this Court likely would have granted the request. While parties are typically required to appear in person for a settlement conference, it is not uncommon for the Court to excuse a party when his/her appearance would be difficult, impractical, or amount to hardship; in those cases, the Court requires the party to be available by phone for the duration of the settlement conference.

---

[7] Asta asserts it incurred $3,160.00 in attorneys' fees and $54.20 in costs for a total amount of $3,214.20.

Here, Defendants were available by phone and in touch with their attorney throughout the settlement conference. This Court does not find that the settlement negotiations were hindered in any meaningful way based on Defendants' failure to appear in person, and agrees with Defendants that there is nothing to suggest that the outcome of the settlement negotiations would have been different had they appeared. Moreover, the reason for Defendants' failure to appear— i.e. the financial hardship such travel would have imposed upon them—mitigates against any award of attorney fees. Based on the foregoing, the Court finds there are "other circumstances [which] make the award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C), and accordingly, Asta's application for attorneys' fees is denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendants' Answer and to dismiss Your Wellbeing's Counterclaim is **denied**, and Plaintiff's application for attorneys' fees is **denied**.

_____<br>
Joseph A. Dickson, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.