Noel C. Crowley (#3712)
CROWLEY & CROWLEY
20 N. Park Place, Suite 206
Morristown, New Jersey 07960
(973) 829-0550
Attorneys for defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASTA FUNDING, INC., | Civil Action No. 2:11-cv-02202-WJM-MF |
| Plaintiff, |  |
| vs. |  |
| YOUR WELLBEING, LLC; CHARLES RONALD GREEN JR.; and MELINDA GREEN, |  |
| Defendants. |  |

**DEFENDANTS' RESPONSE PURSUANT TO FED. R. CIV. P. 56.1 TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

For purposes of opposition to the motion of plaintiff Asta Funding, Inc. ("Asta") for summary judgment only, defendants Your Wellbeing, LLC ("YWB"), Charles Ronald ("Ron") Green Jr. and Melinda Green submit the following pursuant to Fed. R. Civ. P. 56.1 in response to defendant's statement of undisputed material facts:

    1.    Defendants admit plaintiff's Statement No. 1.

    2.    Defendants admit plaintiff's Statement No. 2.

3. Defendants admit plaintiff's Statement No. 3.

4. Defendants admit plaintiff's Statement No. 4.

5. Defendants admit plaintiff's Statement No. 5.

6. Defendants admit plaintiff's Statement No. 6.

7. Defendants admit plaintiff's Statement No. 7.

8. Defendants deny that the projection of profits in the document referred to in support of Statement No. 7, being a prospectus, can be said to show what YWB would earn during the referenced period.

9. Defendants admit plaintiff's Statement No. 9.

10. Defendants admit sending the schedules referred to in plaintiff's Statement No. 10 but deny that such schedules can be reasonably interpreted as assertions that all of the companies listed thereon had executed contracts at the time the schedules were sent. Defendants further aver that plaintiff was fully informed about the status of YWB dealings with prospective clients, and was itself responsible for the content of said schedules insofar as they refer to executed contracts. Deposition of Ron Green, August 8, 2012 (Goldberg Exhibit 5) p. 14, line 24 through page 15, line 25 [The schedules were drafted by Asta's employee Lorri Smith]; Deposition of Melinda Green, August 8, 2012 (Goldberg Exhibit 3) p. 46, lines 2-3, 19-20; p. 48, lines 3-10 [Lorri smith drew up numerous different

schedules]; p. 46, lines 21-23; p. 54, line 21 through p. 55, line 6; p. 131, lines 2-6; p. 55, lines 7-23; p. 153, line 18 through p. 154, line 25; p. 168, lines 1-22 [The schedules contained the names of companies YWB either had signed, expected or hoped to sign by the dates shown therein, not companies that had necessarily already entered into contracts with YWB. To the extent that they are susceptible to the interpretation that they were already signed, that was at the insistence of Lorri Smith who composed the schedules and who stated that Gary Stearns, Asta's Chief Executive Officer, wanted them worded that way.].

11. Admit the words appearing in Statement No. 11 are taken from schedules referred to therein but deny that all of the entities listed had executed contracts for the reasons stated in response to plaintiff's Statement No. 10.

12. Deny plaintiff's Statement No. 12 and aver that the deposition testimony of Melinda Green cited in support thereof says the number referred to is an estimate:

> Q. And the number next to each of the entities is the number of employees that each had, right?
>
> A. Yes. That was the estimated amount of employees.

Deposition of Melinda Green dated November 20, 2012 (Goldberg Exhibit 4), p. 6, lines 21-24.

13. Admit the words appearing in Statement No. 13 are taken from the schedule referred to but deny that all of the

entities listed therein had executed contracts for the reasons stated in response to plaintiff's Statement No. 10.

14.  Responding to plaintiff's Statement No. 14, defendants repeat their response to plaintiff's Statement No. 12.

15.  Admit that defendants uttered words supporting plaintiff's Statement No. 15, but deny that the statement can be identified as true or false without qualification or proper foundation as to the meaning or purpose for which the questions were asked.

16.  Defendants deny that the statements of deponents supporting plaintiff's Statement No. 16 can be identified as true or false without qualification or proper foundation as to the meaning or purpose for which the questions were asked. Plaintiff's incomplete quotation of Melinda Green's deposition testimony to indicate that she knew Asta would rely on what Asta's attorney described as "the action plan...with the list of contracts to be executed by December 17th" (Deposition of Melinda Green August 8, 2012 -- Goldberg Exhibit 3 -- p. 54, lines 13-15) is inaccurate and misleading. Melinda Green's actual testimony on that subject was as follows:

> Q.  And you knew also that Asta would be relying on that list, right?
>
> A.  They would be relying on the list of contracts that were signed. I did not agree with putting on any names of clients that were not signed. I think we were

4

>> forced into giving some information out on some contracts that were soon to be signed.

Id. at p. 54, line 21 through p. 55, line 6.

    17.    Defendants deny plaintiff's Statement No. 17.

    18.    Defendants admit plaintiff's Statement No. 18.

    19.    Defendants deny plaintiff's Statement No. 19 because it distorts the wording of the Letter of Intent ("LOI")(Goldberg Exhibit 2). It does so by omitting key phrases to make it falsely appear that the referenced contracts were represented as in existence when the LOI was signed.

    20.    Defendants admit plaintiff's Statement No. 20.

    21.    Defendants admit that the words appearing in plaintiff's Statement No. 21 also appear in the LOI, but without the boldface type used in the Statement to emphasize some words while downplaying others to distort what the statement says.

    22.    Defendants deny plaintiff's Statement No. 22. As explained in defendants' brief in support of their cross-motion for summary judgment, the date of December 17, 2010 was necessarily a forecast of dates for securing contracts, and was made as part of a condition precedent and not as an element of contract performance. Furthermore and as stated in defendants' response to plaintiff's Statement No. 10, plaintiff was aware that YWB had secured contracts with considerably less than all of the companies referred to in the schedule for December 17,

2010, and its withdrawal from the project on February 7, 2010 was for other reasons as stated in Asta's February 7 termination letter (Goldberg Exhibit 8).

23. Plaintiff's Statement No. 23, concerning companies targeted for placement under contract by December 24, 2010, is denied for the same reasons defendants deny plaintiff's Statement No. 22.

24. Defendants admit plaintiff's Statement No. 24.

25. Defendants admit plaintiff's Statement No. 25.

26. Defendants deny plaintiff's Statement No. 26, there being no reference in the LOI to the Holman Group.

27. Defendants admit plaintiff's Statement No. 27.

28. Defendants deny plaintiff's Statement No. 28, there being no reference in the LOI to the Metropolitan Knoxville Airport Authority or "MKAA."

29. Defendants admit plaintiff's Statement No. 29.

30. Defendants deny plaintiff's Statement No. 30, there being no reference in the LOI to Palomar Hospital.

31. Defendants admit plaintiff's Statement No. 31.

32. Defendants deny plaintiff's Statement No. 32, there being no reference in the LOI to the City of Miami for the same reasons they deny plaintiff's Statement Nos. 26, 28 and 30.

33. Defendants admit plaintiff's Statement No. 33 subject to verification about the time of the referenced conversation.

34. Defendants deny plaintiff's Statement No. 34, there being no reference in the LOI to Ruby Tuesday.

35. Defendants admit plaintiff's Statement No. 35.

36. Defendants admit plaintiff's Statement No. 36.

37. Defendants admit plaintiff's Statement No. 37.

38. Defendants admit plaintiff's Statement No. 38 subject to verification about the number of employees.

39. Defendants admit plaintiff's Statement No. 39.

40. Defendants admit plaintiff's Statement No. 40.

41. Defendants admit plaintiff's Statement No. 41 subject to verification about the number of employees.

42. Defendants admit plaintiff's Statement No. 42.

43. Defendants admit plaintiff's Statement No. 43.

44. Defendants admit plaintiff's Statement No. 44.

45. Defendants admit in response to plaintiff's Statement No. 45 they sent certain e-mails to Asta indicating they would return funds to Asta, and refer to said documents as the best evidence of their contents.

46. Defendants admit plaintiff's Statement No. 46.

47. Defendants admit plaintiff's Statement No. 47.

48. Defendants admit plaintiff's Statement No. 48.

49. Defendants admit plaintiff's Statement No. 49 but deny any implication that YWB was financially capable of returning funds in addition to those it had already returned.

Respectfully submitted,

CROWLEY & CROWLEY

By: _____
Noel C. Crowley
Attorneys for defendants

Dated:   April 20, 2013