NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTA FUNDING, INC., | Civ. No. 11-2202 (KM)(MAH) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION and ORDER |
| YOUR WELLBEING, LLC; CHARLES RONALD GREEN, JR., and MELINDA GREEN, | |
| Defendants. | |

**MCNULTY, U.S.D.J.:**

In an earlier memorandum opinion (ECF No. 57), I denied the parties' cross-motions for summary judgment, finding numerous unresolved issues of fact. Now before the court is the defendants' motion for reconsideration of that ruling. (ECF No. 59) Essentially, the defendants assert that the Court's opinion gave short shrift to their arguments that the plaintiff's fraud claims are barred by the economic loss doctrine (which would confine them to contract remedies), and that the integration clause of the contract (known as the Letter of Intent, or "LOI") bars any extrinsic considerations. I have considered the motion and the plaintiff's response (ECF No. 62), and decided the motion on the papers without oral argument. The motion for reconsideration is denied.

The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins.*

*Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). Mere disagreement with a holding is properly expressed *via* an appeal from the court's final judgment, not *via* a motion for reconsideration. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

The first two grounds for reconsideration may be disposed of summarily. First, there has been no intervening change in the law. Two unpublished decisions cited in the motion[1] do not work any significant change to the law, are cumulative of earlier authority, are not binding, and would not persuade me to alter my decision in any event. To the extent that the motion rehashes the cases and arguments presented in the original motion papers, I disregard it. Second, no new evidence has come to light.

That leaves the third ground: some overlooked basis for decision that, if not considered, would result in a clear error of law or manifest injustice.

One such injustice, say defendants, was their inability to respond to the relevant arguments in Asta's opposition to their cross-motion, because the local rules do not authorize a reply brief on a cross-motion. That is true, but only to a point; what the local rules say is that a surreply requires the authorization of the court. Loc. Civ. R. 7(h) (no reply briefs on cross-motions without leave of court); *cf.* R. 7.1(d)(6) (surreplies). If new arguments are raised,

---

[1] *Bedwell Co. v. Camden County Improvement Auth.*, 2014 WL 3499581 (D.N.J. July 14, 2014); *Saratoga at Toms River Condo. Ass'n, Inc. v. Menk Corp., Inc.*, 2014 WL 3510872 (N.J. Super. Ct. App. Div. July 17, 2014).

and if they required a response, a party should seek leave to file such a reply. That was not done here.

Nor were the issues cited by defendants overlooked by the Court, although, to be sure, they received a very brief discussion. (*See* ECF No. 53 at 9 & n.3) In the context of denying summary judgment in a case that fairly bristled with issues of fact, no more extensive discussion was required.

As I pointed out, the "contract issues cannot be resolved on summary judgment." *Id*. And I concluded likewise as to such issues as quantum meruit. Where issues such as the scope or validity of the contract itself are in play, it would be imprudent to attempt to delimit the scope of the economic loss doctrine—which may depend, *inter alia,* on whether the proffered tort claim involves matters intrinsic or extrinsic to the contract, as argued in the parties' briefs. Both the economic loss doctrine and the scope of the integration clause, moreover, may depend on the contested factual issue of whether and in what sense the two individual defendants, Charles and Melinda Green, are contractual parties. On that issue, defendants state that they were parties, but in a way that is "limited" in an unspecified manner. (ECF No. 59-1 at 7) That issue of contractual interpretation which cannot be settled on the summary judgment record before me, and which may color the issue of what is extrinsic to the contract. And at least a portion of Asta's fraud claim seems to involve fraud in the inducement, which preceded the formation of the contract.

I do not suggest that defendants (or for that matter plaintiffs) cannot prevail on the issues they have presented. But, for the reasons expressed in my earlier opinion, this case simply presents too many criss-crossing, interdependent claims and factual contentions to be disposed of on summary judgment.

## ORDER

Accordingly, for the reasons stated above,

IT IS this 16th day of October, 2015

ORDERED that the defendants' motion for reconsideration is **DENIED.**

_____
HON. KEVIN MCNULTY
United States District Judge

Dated: October 16, 2015
Newark, New Jersey

4